IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| JOSE MELCHOR §<br>*Plaintiff,* §<br>§<br>v. §<br>§<br>TINH NGUYEN AND GOLD LANE §<br>TRUCKING CORPORATION §<br>*Defendants.* § | CIVIL ACTION NO. 7:20-cv-00147 |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS:

**COMES NOW** Gold Lane Trucking Corporation ("Defendant") and hereby petitions this Court pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446 for removal on the basis of diversity jurisdiction to the United States District Court for the Western District of Texas, Waco Division, of the action numbered and styled *Jose Melchor v. Tinh Nguyen and Gold Lane Trucking Corporation;* Cause No. C-20-04-0395-CV; In the 244th District Court, Ector County, Texas (the "State Court Case"), and in support thereof would respectfully show this Court as follows:

### I.
### REMOVAL IS TIMELY

1.  Defendant Gold Lane Trucking Corporation was served with Plaintiff's Original Petition (the "Petition") on May 15, 2020. This Notice of Removal is filed within thirty (30) days of service of the Petition and is timely filed under section 1446(b) of the United States Code. 28 U.S.C. § 1446(b).  Defendant seek to remove the matter and is therefore the Removing Defendant.

## II.
## COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

2. The district courts of the United States have original jurisdiction over this action based on diversity of citizenship among the parties. Plaintiff in this action is a citizen of a different state from Defendants, and no defendant is a citizen of Texas. As a result, complete diversity exists.

3. Plaintiff Jose Melchor was a citizen of Ector County, Texas at the time this action was filed. Consequently, Plaintiff was at the time this action was commenced, and is currently, a citizen of the State of Texas and no other state.

4. Defendant Tinh Nguyen was a citizen of Sacramento County, California at the time this action was filed. Consequently, Defendant Tinh Nguyen was at the time this action was commenced, and is currently, a citizen of the State of California and no other state.

5. Defendant Gold Lane Trucking Corporation is a corporation formed under the laws of the State of California, having its principal place of business now, and at the time this action was commenced, in Riverside County, California. Consequently, Defendant Gold Lane Trucking Corporation is now and was at the time this action was commenced, a citizen of the State of California and no other state.

## III.
## AMOUNT IN CONTROVERSY

6. In addition to complete diversity of citizenship, the complaint must meet this Court's $75,000.00 jurisdictional threshold. The method for properly asserting the amount in controversy are outlined in section 1446 of the United States Code. 28 U.S.C § 1446. First, the Notice of Removal may assert the amount in controversy, if the initial pleadings were not required to include a specific monetary demand or permit damages in excess of the pleadings. *Id.* § 1446(C)(2)(A). Second, removal is proper upon showing by the preponderance of the evidence

that the amount in controversy exceeds this Courts $75,000.00 threshold. *Id.* § 1446(C)(2)(B). Further, parties may rely on an estimation of damages calculated from the allegations in the complaint to prove the amount in controversy. *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008); *Meridian Sec. Ins. v. Sadowski,* 441 F.3d 536, 541 (7th Cir. 2006); *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999). Once a defendant satisfies its burden, any plaintiff wanting to remand the cause to back to state court must prove to a legal certainty that, if successful, it would not be able to recover more than the jurisdictional amount. *See McPhail,* 529 F.3d at 955.

7. A common-sense review of the Plaintiff's Petition in the instant case clearly shows that the alleged damages easily exceed $75,000.00. Plaintiff's Petition alleges that Defendant Tinh Nguyen, operating a vehicle owned by Defendant Gold Lane Trucking Corporation, rear-ended Plaintiff's vehicle causing damage. (Pl. Orig. Pet, ¶ 13). The Petition further alleges Defendants' negligence in proximately causing the incident in which Plaintiff suffered skin burns, cuts, and skin loss and injuries to his back. (Pl. Orig. Pet., ¶ 28). Plaintiff claims the following, past and future, damages: medical expenses, physical pain and suffering, physical impairment, disfigurement, and mental anguish. (Pl. Orig. Pet., ¶ 28).

8. Federal courts have held that cases of severe personal injury "often will subject a tortfeasor to possible exposure well beyond" the federal jurisdictional minimum and that such exposure is facially apparent. *De Aguilar v. Boeing,* 11 F.3d 55, 58 (5th Cir. 1993). Based on Plaintiff's claimed damages, it is clear that Defendant will be subjected to exposure beyond the $75,000.00 jurisdictional threshold of this Court.

9. Additionally, according to Texas Rule of Civil Procedure 169, claimants who affirmatively plead that they seek only monetary relief aggregating $100,000.00 or less must bring the suit under the expedited actions process. TEX. R. CIV. P. 169(a)(1). However, Plaintiff chose to

bring suit under a Level 3 Discovery Control Plan pursuant to Texas Rule of Civil Procedure 190. (Pl. Orig. Pet., ¶ 1). In fact, Plaintiff affirmatively pleads monetary relief sought over $200,000.00 but not more than $1,000,000.00. (Pl. Orig. Pet., ¶ 7). Plaintiff has not affirmatively plead damages of $100,000.00 or less in this action.

10. Defendant asserts that the amount in controversy in this matter exceeds the $75,000.00 threshold exclusive of interests and costs. *See* 28 U.S.C. § 1332(a). As plead the amount in controversy in this case is in in excess of $200,000.00. (Pl. Orig. Pet., ¶ 7). Defendant asserts that the amount in controversy in this case is in excess of $75,000.00.

## IV.
## PROCEDURAL REQUIREMENTS

11. Removal of this action is proper under section 1441 of the United States Code, since it is a civil action brought in a state court, and the federal district courts have original jurisdiction over the subject matter under section 1332 of the United States Code because Plaintiff and Defendants are diverse in citizenship. 28 U.S.C. §§ 1441 and 1332.

12. By virtue of filing this Notice of Removal, the Removing Defendant do not waive its right to assert any motions to transfer venue or dismiss, including Rule 12 motions, permitted by the applicable Rules of Civil Procedure.

13. All of the papers on file in the State Court Case at the time of removal are attached hereto as Exhibit 2. Those papers include copies of the Court's Docket Sheet and copies of all other documents served on Removing Defendant in the State Court Case. 28 U.S.C. §1446(a).

14. Pursuant to section 1446(b) of the United States Code, written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice. 28 U.S.C. § 1446(d).

15. Pursuant to section 1446(b) of the United States Code, a true and correct copy of this Notice will be filed with the Court Clerk of the 244th Judicial District Court, Ector County, Texas promptly after the filing of this Notice. 28 U.S.C. § 1446(d).

## V.
## PRAYER FOR RELIEF

**WHEREFORE**, Defendant pursuant to these statutes and in conformance with the requirements set forth in section 1446 of the United States Code, removes this action for trial from the 244th Judicial District Court, Ector County, Texas to this Court, on this 12st day of June, 2020.

Respectfully submitted,

By: /s/ *David L. Sargent*
**DAVID L. SARGENT**
State Bar No. 17648700
david.sargent@sargentlawtx.com

**SARGENT LAW, P.C.**
1717 Main Street, Suite 4750
Dallas, Texas 75201
(214) 749-6516 (direct – David Sargent)
(214) 749-6316 (fax – David Sargent)

**COUNSEL FOR DEFENDANT**
**GOLD LANE TRUCKING CORPORATION**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on the 12TH day of June 2020, a true and correct copy of the foregoing document was forwarded via U.S. Mail to counsel for Plaintiff:

Robert White
Greta Braker
CHILDS BISHOP & WHITE, PC
230 W. 3rd St
Odessa, Texas 79761-5014

/s/ *David L. Sargent*
**DAVID L. SARGENT**