IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| JOSE MELCHOR<br>*Plaintiff*, | § § § | |
| v. | § § | CIVIL ACTION NO.   7:20-cv-00147 |
| TINH NGUYEN AND GOLD LANE<br>TRUCKING CORPORATION<br>*Defendants.* | § § § § | |

## DEFENDANT GOLD LANE TRUCKING CORPORATION'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS:

**COMES NOW,** Gold Lane Trucking Corporation ("Defendant") in the above entitled and numbered case, and file this its Original Answer in response to Plaintiff's Original Petition, and would respectfully show as follows:

### A.  ANSWER

### 1. Discovery Control Plan Level

1. The allegations contained in Paragraph 1 of Plaintiff's Original Petition are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 1.

### 2. Parties and Service

2. Defendant does not have sufficient information to admit or deny the allegations as to Plaintiff, as set out in Paragraph 2 of Plaintiff's Original Petition.

3. Defendant does not have sufficient information to admit or deny the allegations as to Plaintiff, as set out in Paragraph 3 of Plaintiff's Original Petition.

4. With respect to the averments contained in Paragraph 4 of Plaintiff's Original Petition, Defendant admits that Tinh Nguyen is a resident of the State of California. Defendant denies the remaining averments in Paragraph 4 of Plaintiff's Original Petition.

5. With respect to the averments contained in Paragraph 5 of Plaintiff's Original Petition, Defendant admits that Gold Lane Trucking Corporation is a corporation formed under the laws of the State of California. Defendant denies the remaining averments in Paragraph 5 of Plaintiff's Original Petition.

### 3. Jurisdiction and Venue

6. With respect to the averments contained in Paragraph 6 of Plaintiff's Original Petition, Defendant admits that Plaintiff's Original Petition sets out damages that exceed the amount in controversy requirement for jurisdiction in United States District Court.

7. With respect to the averments contained in Paragraph 7, including subpart a., of Plaintiff's Original Petition, Defendant admits that Plaintiff's Original Petition sets out damages that exceed the amount in controversy requirement for jurisdiction in United States District Court.

8. Defendant admits that the United States District Court for the Western District of Texas Midland-Odessa Division has jurisdiction over the Parties in this matter and that Defendants were conducting activities in the State of Texas on September 18, 2018. Defendant denies the remaining averments in Paragraph 8 of Plaintiff's Original Petition.

9. Defendant admits that the United States District Court for the Western District of Texas Midland-Odessa Division has jurisdiction over the Parties in this matter and that Defendants were conducting activities in the State of Texas on September 18, 2018. Defendant denies the remaining averments in Paragraph 9 of Plaintiff's Original Petition.

10. Defendant admits that the United States District Court for the Western District of Texas Midland-Odessa Division has jurisdiction over the Parties in this matter and that Defendants were conducting activities in the State of Texas on September 18, 2018. Defendant denies the remaining averments in Paragraph 10 of Plaintiff's Original Petition.

11. Defendant admits that the United States District Court for the Western District of Texas Midland-Odessa Division has jurisdiction over the Parties in this matter and that Defendants were conducting activities in the State of Texas on September 18, 2018. Defendant denies the remaining averments in Paragraph 11 of Plaintiff's Original Petition.

12. Defendant admits venue exists in the United States District Court for the Western District of Texas Midland-Odessa Division. Defendant denies the remaining averments in Paragraph 12 of Plaintiff's Original Petition.

### 4. Facts

13. With respect to the averments contained in Paragraph 13 of Plaintiff's Original Petition, Defendant admits that Tinh Nguyen was acting in the course and scope of his employment with Gold Lane Trucking Corporation on or about September 18, 2018. Defendant denies all other averments contained in Paragraph 13 of Plaintiff's Original Petition.

### 5. Plaintiff's Claim of Negligence Against Tinh Nguyen

14. Paragraph 14 of Plaintiff's Original Petition is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies all the averments contained in Paragraph 14 of Plaintiff's Original Petition.

15. Defendant denies all averments contained and set forth in Paragraph 15 of Plaintiff's Original Petition.

16. Defendant denies all averments contained and set forth in Paragraph 16, including subparts A. through C., of Plaintiff's Original Petition.

### 6. Plaintiff's Claim of Negligence Per Se Against Tinh Nguyen

17. Defendant denies all the averments contained in Paragraph 17 of Plaintiff's Original Petition.

18. Defendant denies all averments contained and set forth in Paragraph 18 of Plaintiff's Original Petition. Further, Defendant contends that nonpenal administrative statute do not give rise to a claim of per se negligence.

19. Defendant denies all averments contained and set forth in Paragraph 19 of Plaintiff's Original Petition.

20. Defendant denies all averments contained and set forth in Paragraph 20 of Plaintiff's Original Petition.

### 7. Plaintiff's Claim of Negligence Against Gold Lane Trucking Corporation

21. Paragraph 21 of Plaintiff's Original Petition is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies all the averments contained in Paragraph 21 of Plaintiff's Original Petition.

22. Defendant denies all averments contained and set forth in Paragraph 22 of Plaintiff's Original Petition.

23. Defendant denies all averments contained and set forth in Paragraph 23, including subparts (a) through (j), of Plaintiff's Original Petition.

DEFENDANT GOLD LANE TRUCKING CORPORATION'S ORIGINAL ANSWER                Page 4
2075538
1852/00066

## 8. Plaintiff's Claim of
## Respondeat Superior Against Gold Lane Trucking Corporation

24. With respect to the averments contained in Paragraph 24 of Plaintiff's Original Petition, Defendant admits that Tinh Nguyen was acting in the course and scope of his employment with Gold Lane Trucking Corporation on or about September 18, 2018. Defendant denies all other averments contained in Paragraph 24 of Plaintiff's Original Petition.

25. With respect to the averments contained in Paragraph 25 of Plaintiff's Original Petition, Defendant admits that Tinh Nguyen was acting in the course and scope of his employment with Gold Lane Trucking Corporation on or about September 18, 2018. Defendant denies all other averments contained in Paragraph 25 of Plaintiff's Original Petition.

26. With respect to the averments contained in Paragraph 26 of Plaintiff's Original Petition, Defendant admits that Tinh Nguyen was acting in the course and scope of his employment with Gold Lane Trucking Corporation on or about September 18, 2018. Defendant denies all other averments contained in Paragraph 26 of Plaintiff's Original Petition.

27. Paragraph 27 of Plaintiff's Original Petition is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies all the averments contained in Paragraph 27 of Plaintiff's Original Petition.

## 9. Damages for Plaintiff, Jose Melchor

28. Defendant denies all averments contained and set forth in Paragraph 28, including subparts A. through J., of Plaintiff's Original Petition.

## 10. Use of U.S. Life Tables

29. To the extent a response is required, Defendant denies all the averments contained in the Paragraph 29 of Plaintiff's Original Petition.

### 11. Notice of Intention to Use Products of Discovery, Including Documents and Other Tangible Things Produced

30. To the extent a response is required, Defendant denies all the averments contained in the Paragraph 30 of Plaintiff's Original Petition.

31. To the extent a response is required, Defendant denies all the averments contained in the Paragraph 31 of Plaintiff's Original Petition.

### 12. Request for Disclosure

32. To the extent a response is required, Defendant denies all averments contained in Paragraph 32 of Plaintiff's Original Petition. Further, Defendant contends that as a discovery procedure under Texas state law, Defendant has no obligation to respond to these requests following removal to federal court.

### 13. Plaintiff's Prayer

33. To the extent a response is required, Defendant denies all the averments contained in the Paragraph 33 of Plaintiff's Original Petition.

34. To the extent that any allegations have not been either expressly admitted or denied herein, then Defendant denies all such allegations.

### B. AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses in this case:

35. <u>Comparative Responsibility</u>: Defendant would show that the damages, or liabilities of which Plaintiff complains, if any exist, are the result in whole or in part of the negligence of Plaintiff, in that Plaintiff failed to use that degree of care that a person of ordinary prudence would have used under the same or similar circumstances and that such acts and/or omissions were the proximate, producing, contributing, and/or sole cause of the damages to Plaintiff, if any.

36. <u>Loss of Income</u>:  Defendant would show that pursuant to section 18.091 of the Texas Rules of Civil Practice and Remedies Code, to the extent that Plaintiff is seeking recovery of past and future lost wages, evidence of this loss must be presented by Plaintiff in the form of a net loss after reduction for income tax payments or unpaid tax liability to any federal income tax law.  Defendant further asserts the protections contained in section 18.091 of the Texas Rules of Civil Practice and Remedies Code.

37. <u>Failure to Mitigate Damages</u>.  Defendant would further show that any injuries, damages, or liabilities complained of by Plaintiff herein are the result, in whole or in part, of Plaintiff's failure to mitigate damages.

38. <u>Pre-Judgment Interest.</u>  For further answer, if same be necessary, Defendant further alleges that Plaintiff's claims for pre-judgment interest are limited by the damages and amounts set forth in: Chapter 304, Texas Finance Code; and Chapter 41, Texas Civil Practice and Remedies Code; as applicable to this case.

39. <u>Unreasonable & Excessive Treatment & Expenses</u>:  Defendant would further show that the medical treatment claimed by Plaintiff was excessive and unnecessary and that the medical expenses claimed were unreasonable and unnecessary and were not proximately caused by any act and/or omission by Defendants.

40. <u>Paid or Incurred Medical Expenses</u>:  Defendant would further show that Plaintiff's medical expenses should be limited to those actually paid or incurred by or on behalf of the claimant pursuant to Texas Civil Practice & Remedies Code section 41.0105 and *Haygood v. De Escabedo*, 256 S.W.3d 390, 395 (Tex. 2011).

41. <u>Pre-existing Conditions</u>. Defendant would further show that any injuries, damages, or liabilities complained of by Plaintiff herein are the result, in whole or in part, of pre-existing

conditions, injuries, diseases, and disabilities and not the result of any act or omission on the part Defendants.

42. <u>New and Independent Cause.</u>  Defendant would further show that any injuries, damages, or liabilities complained of by Plaintiff herein are the result, in whole or in part, of a "new and independent cause," which intervened between Defendants' alleged original wrong and the final injury so that the injury is attributed to a more remote cause asserted against Defendants. *Dew v. Crown Derrick Erectors, Inc.,* 208 S.W.3d 448, 450 (Tex. 2006).

43. <u>Proportionate Responsibly:</u>   Defendant would further show that any injuries, damages, or liabilities complained of by Plaintiff herein are the result, in whole or in part, of Plaintiff, and that pursuant to Chapter 33 of the Texas Civil Practices and Remedies Code, Defendant is entitled to have the trier of fact determine the percentage of responsibility with respect to each parties' causing or contribution to cause in any way the harm for which recover of damages is sought by Plaintiff.

44. <u>Subsequent Conditions</u>.  Defendant would further show that any injuries, damages, or liabilities complained of by Plaintiff herein are the result, in whole or in part, of subsequent conditions, injuries, diseases, and disabilities and not the result of any act or omission on the part of Defendants.

45. <u>Unavoidable Accident</u>: Pleading further, if necessary, Defendant would show the accident complained of was an unavoidable accident over which Defendants had no control, or in the alternative, it was beyond the reasonable control or foreseeability of Defendants to prevent.

46. <u>Sudden Emergency</u>: Defendant further asserts that they were confronted by a sudden emergency arising suddenly and unexpectedly, which was not proximately caused by any negligence on Defendants' part and which to a reasonable person, requires immediate action

without time for deliberation.  Defendant specifically denies that any act or omission of theirs was a producing cause of the injuries and damages, if any, claimed by the Plaintiff in this cause of action.

47.     Limitation on Exemplary Damages: Defendant would further show that Plaintiff's claims for exemplary damages, if any, are controlled by and limited by § 41.008 of the Texas Civil Practice and Remedies Code.

### C.  PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendant Gold Lane Trucking Corporation respectfully prays that Plaintiff takes nothing by this action, that Defendants be awarded costs and reasonable attorney's fees pursuant to 29 U.S.C. § 1132(g), and that the Court grant Defendants any such other and further relief, general or special, at law or in equity, to which Defendants may be justly entitled.

Respectfully submitted,

By: /s/ *David L. Sargent*
**DAVID L. SARGENT**
State Bar No. 17648700
david.sargent@sargentlawtx.com

**SARGENT LAW, P.C.**
1717 Main Street, Suite 4750
Dallas, Texas 75201
(214) 749-6516 (direct – David Sargent)
(214) 749-6316 (fax – David Sargent)

**COUNSEL FOR DEFENDANT GOLD LANE TRUCKING CORPORATION**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 12TH day of June 2020, a true and correct copy of the foregoing document was forwarded via U.S. Mail to counsel for Plaintiff:

Robert White
Greta Braker
CHILDS BISHOP & WHITE, PC
230 W. 3rd St
Odessa, Texas  79761-5014

/s/ *David L. Sargent*
**DAVID L. SARGENT**